# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs August 12, 2014

## FRANKLIN D. FISH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Wilson County**
**Nos. 09-CR-843, 10-CR-747      David Earl Durham, Judge**

---

**No. M2014-00385-CCA-R3-PC - Filed September 8, 2014**

---

The petitioner, Franklin D. Fish, pro se, appeals the Wilson County Criminal Court's summary dismissal of his petition for post-conviction relief for failure to state a colorable claim. The State concedes that summary dismissal was erroneous. Upon our review, we reverse the decision of the post-conviction court and remand for proceedings consistent with the Post-Conviction Procedure Act.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Franklin D. Fish, Pikeville, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Tracy L. Alcock, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 28, 2013, the petitioner entered pleas of guilty in case number 09-CR-843 to one count of aggravated burglary and one count of vandalism of property valued at more than $500 but less than $1,000, and in case number 10-CR-747 to one count of aggravated burglary and one count of theft of property valued at more than $500 but less than $1,000. The trial court sentenced the petitioner as a career offender and imposed sentences of 15 years for both of the aggravated burglary convictions and 6 years each for the vandalism and theft convictions. The trial court ordered that the sentences in both cases be served consecutively to one another but that the sentences in case number 09-CR-843 be served concurrently with the sentences in case number 10-CR-747, for a total effective sentence of 21 years.

On December 27, 2013, the petitioner filed a pro se petition for post-conviction relief. On January 22, 2014, the post-conviction court denied the petition for post-conviction relief, finding that the petition did not contain "a clear and specific statement of the grounds upon which relief is sought, including a full disclosure of the factual basis of those grounds," pursuant to Tennessee Code Annotated section 40-30-106(d).

In this timely appeal, the petitioner argues that the post-conviction court erred by summarily dismissing his petition for post-conviction relief, and the State agrees.

The Post-Conviction Procedure Act requires that a petition for relief under the Act "contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." T.C.A. § 40-30-106(d). In the instant case, the petitioner attached to his petition for post-conviction relief a document entitled "Claims Presented for Ineffective Assistance of Counsel Review," in which the petitioner alleged the following:

> (A) The Petitioner claims that trial counsel rendered ineffective assistance of counsel by allowing him to enter a guilty plea that was not knowingly, intelligently, and voluntarily made. . . .

> (B) The Petitioner claims that counsel rendered ineffective assistance of counsel by allowing him to plead guilty to twenty-one years at sixty percent despite being originally offered a fifteen years [sic] at sixty percent. . . .

> (C) The Petitioner claims that counsel rendered the ineffective assistance of counsel by failing to file a motion to dismiss the indictments despite there being a 40-month delay between Petitioner's first demand of a fast and speedy trial and the date the plea was taken. Petitioner was prejudiced by this delay because during the time the Petitioner was being held he was eventually charged with allegedly committing other crimes due to an alleged DNA match used from a specimen given during the aforementioned 40-month delay. . . .

> (D) The Petitioner claims that counsel rendered the ineffective assistance of counsel by failing to have his 40-month pre-trial jail credits incorporated into his plea deal as promised and pursuant to T.C.A. Section 40-23-101(c). After taking plea

deal [sic] Petitioner's counsel gave him a modified version of his plea colloquy as that it had marked in pen that credits "to be applied to prior sentence only." . . .

(E) The Petitioner claims that counsel rendered the ineffective assistance of counsel by failing to investigate the victim's story in comparison to petitioner's version of events. . . . Had counsel performed this competent duty he would have learned of several discrepancies in the victim's story and filed for a motion to dismiss said indictment.

The petitioner's specific factual allegations are more than sufficient to comply with the requirements of Code section 40-30-106(d), and, as such, the post-conviction court erred by summarily dismissing the petition. Accordingly, we reverse the decision of the post-conviction court and remand for proceedings in accordance with the Post-Conviction Procedure Act.

_____
JAMES CURWOOD WITT, JR., JUDGE